FILED
United States Court of Appeals
Tenth Circuit

**February 12, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN MIDDAGH,

Defendant - Appellant.

No. 09-2123

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. NO. 2:09-CR-00083-WJ-1)**

---

John Van Butcher, Assistant Federal Public Defender, Albuquerque, New Mexico,
for Defendant - Appellant.

Mary L. Higgins, Assistant United States Attorney, (Gregory J. Fouratt, United
States Attorney, with her on the brief), Albuquerque, New Mexico, for Plaintiff -
Appellee.

---

Before **BRISCOE**, **BALDOCK**, and **HARTZ**, Circuit Judges.

---

**HARTZ**, Circuit Judge.

---

John Middagh pleaded guilty to theft of public money, *see* 18 U.S.C. § 641,

in the United States District Court for the District of New Mexico. He was

sentenced to two years' probation, conditioned on 240 hours of community

service.  He appeals, contending that the imposition of so many hours of community service was procedurally and substantively unreasonable.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.     BACKGROUND

Mr. Middagh, a Navy veteran of the Vietnam War, was a friend of Nick Woods, who lived for several years at Mr. Middagh's store in El Paso, Texas.  At Woods's suggestion, in July 1983 the two men opened a joint bank account, into which Woods's Social Security benefits were automatically deposited.  Despite Woods's death in September 1983, his Social Security benefits continued to be deposited into the joint account until June 2006.  By that time Mr. Middagh had withdrawn $130,557 in Social Security benefits intended for Woods.

Mr. Middagh pleaded guilty to a one-count information charging him with theft of $12,209.40 in public money arising from his withdrawals between January 2004 and June 2006.  Using money that she had received as an inheritance, Mrs. Middagh, who supported the couple by working as a school counselor, repaid the Social Security Administration the $130,557 stolen by her husband.

The presentence report (PSR) prepared by the Probation Office calculated Mr. Middagh's offense level under the United States Sentencing Guidelines at eight.  Because he had no prior offenses, his criminal-history category was I, yielding an advisory sentence range of zero to six months' imprisonment.  *See*

USSG Ch.5, Pt. A. The PSR recommended a sentence of probation with the condition that Mr. Middagh perform 240 hours of community service. He filed a written objection to the 240-hour recommendation, requesting that it be only 48 hours. He argued that he had already provided full restitution; that the 240-hour requirement would interfere with his care of his mother, a neighbor (for whom he was the primary caretaker), and his horses; that he was 63 years old and showing signs of age; and that his community service would neither protect the public nor provide him with educational or vocational training. In response, the Probation Office continued to recommend 240 hours of community service, explaining that this requirement would "hold[] Mr. Middagh responsible for his offense by providing a service to the community." R. Vol. 2 at 2. It noted that the entire amount of restitution had been paid by his wife.

At the sentencing hearing on May 5, 2009, Mr. Middagh's counsel asserted that a 240-hour community-service requirement would be "arbitrary and capricious" and would not further any purpose of sentencing. *Id.* Vol. 3 at 10. Counsel repeated arguments made in the written objections to the PSR, noted his client's military service and his community service through his church, and challenged the Probation Office's view that the 240 hours of community service was required to show a just respect for the law. He contended that there was no possibility that Mr. Middagh would commit crimes in the future; and he emphasized the burden on Mr. Middagh of the standard conditions of probation,

focusing on the prohibition on possessing firearms (which would prevent him from hunting). Counsel summed up by saying that 240 hours of community service was greater punishment than necessary and that 40 hours would suffice.

The prosecutor and Mr. Middagh also spoke briefly. Then the district court stated:

> I've reviewed the Presentence Report's factual findings. I've considered the sentencing guideline applications and the sentencing factors of 18 U.S.C. 3553(a)(1) through (7). The defendant's offense level is eight. His criminal history category is I. Under the guidelines, that establishes an incarceration range of zero to six months.
>     I note the defendant knowingly, willfully, and unlawfully stole public money from the Social Security Administration, and I'll note that the offense for which the defendant pled guilty, the United States Congress has set a maximum term of incarceration of ten years. Taking that into account, I find the guideline sentence for this defendant to be a reasonable sentence, taking into account the sentencing factors of 18 U.S.C. 3553(a)(1) through (7); specifically, the history and characteristics of this defendant.

*Id.* at 23. After addressing the mandatory and standard conditions of probation, the court added:

> In terms of the special condition, I will approve the probation officer's recommendation of 240 hours of community service during the probationary term as approved by the probation officer. Since the defendant is involved in his church, I will recommend that community service requirement be satisfied through volunteer work with the defendant's church. I cannot compel a defendant to do community service through the church, but if a defendant is involved or if the defendant wishes to do community service under the auspices or through the church, then that's fine with me. I'm going to make that recommendation in this judgment.

*Id.* at 24–25. The court summed up:

The sentence of probation for a term of two years, along with standard and mandatory conditions, excluding the requirement of or striking the standard condition of prohibiting interstate travel, along with the requirement of 240 hours of community service is sufficient but not greater than necessary to comply with the purposes of 18 U.S.C. 3553(a)(2), and I will make that finding.

Based on the defendant's lack of financial resources, I will not impose a fine. Part of the reasoning for—well, typically, on a case like this, if there is no term of incarceration, I will oftentimes impose a fine. I also believe that the community service hour requirement would be better than imposing a fine, particularly based on this defendant's lack of financial resources.

*Id.* at 25.

Upon the district court's announcement of the sentence, the following exchange occurred:

| [Mr. Middagh's counsel]: | Your Honor, in aid of an appeal, there is one, and I talked with my client. We believe the number 240 was arbitrary and capricious. It was— |
| --- | --- |
| THE COURT: | If you wish to appeal it, that's fine, but I've made my ruling. I have other defendants here, and I'm not interested in hearing any further argument. This matter is done. If you don't like the sentence, then appeal it. |

*Id.* at 26.

## II.   DISCUSSION

On appeal Mr. Middagh argues that the requirement of 240 hours of community service is both procedurally and substantively unreasonable. We therefore limit our review to that portion of his sentence.

## A.     Substantive Reasonableness

"A sentence is substantively unreasonable if, considering the factors set forth in 18 U.S.C. § 3553(a), the sentence is unreasonable in length." *United States v. Ellis*, 525 F.3d 960, 964 (10th Cir. 2008). We review sentences for substantive reasonableness under an abuse-of-discretion standard. *See United States v. Sells*, 541 F.3d 1227, 1237 (10th Cir. 2008).

District courts are afforded broad discretion in imposing conditions of probation. *See United States v. Turner*, 44 F.3d 900, 903 (10th Cir. 1995). But any condition not required by 18 U.S.C § 3563(a) must be "reasonably related" to the factors set forth in 18 U.S.C. § 3553(a)(1) & (2). *See* 18 U.S.C. § 3563(b). Those factors are (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the seriousness of the offense"; (3) "promot[ing] respect for the law"; (4) "provid[ing] just punishment for the offense"; (5) deterring criminal conduct; (6) "protect[ing] the public from further crimes of the defendant"; and (7) "provid[ing] the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *Id.* § 3553(a)(1) & (2). In addition, a condition must "involve only such deprivations of liberty or property as are reasonably

-6-

necessary" for the purposes set forth in § 3553(a)(2). *Id.* § 3563(b); *cf. United States v. Mitchell*, 429 F.3d 952, 962 (10th Cir. 2005) (noting similar requirements for terms of supervised release).

Although the length of a within-guidelines sentence is entitled to a rebuttable presumption of reasonableness on appeal, *see United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006), we have not had occasion to decide whether this presumption applies to a probation condition imposed on a within-guidelines sentence. We need not decide that issue here. Even absent this presumption, Mr. Middagh's sentence is undoubtedly reasonable. He acknowledged stealing $130,557 in Social Security benefits from the federal government over a 23-year period. Yet he was not punished with any imprisonment or fine. The restitution was no more than a repayment of his ill-gotten gains; and it was not even his efforts that accomplished the repayment—the money came from his wife's inheritance. It was eminently reasonable for the PSR to recommend, and the district court to agree, that the sanction for Mr. Middagh's offense needed to be more than losing his right to hunt. The court could properly decide that anything less than the community-service requirement would devalue the rule of law. Mr. Middagh's sentence was substantively reasonable.

**B.    Procedural Reasonableness**

"A sentence is procedurally unreasonable if the district court 'failed to calculate (or improperly calculated) the Guidelines range, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors or failed to adequately explain the chosen sentence.'" *United States v. Burgess*, 576 F.3d 1078, 1101 (10th Cir. 2009) (brackets and ellipses omitted) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

Mr. Middagh argues that the imposition of community service was procedurally unreasonable in two respects: (1) because the district court, contrary to Fed. R. Crim. P. 32, failed to rule on his objection that the community-service requirement was arbitrary and capricious; and (2) because the court failed to explain how the requirement was reasonably related to the sentencing goals laid out in § 3553(a)(2).

We review claims of procedural error for an abuse of discretion, *see United States v. Todd*, 515 F.3d 1128, 1134 (10th Cir. 2008), evaluating factual findings for clear error and legal determinations de novo, *see id.* at 1135. The government contends that we should review Mr. Middagh's claims under a plain-error standard because Mr. Middagh did not raise any procedural objection in district court. *See United States v. Romero*, 491 F.3d 1173, 1178 (10th Cir. 2007). But there is an exception, a practical one, to the requirement that an appellate issue must have been raised in district court. When a party had no opportunity to raise the issue, we review it as if it had been presented. *See* Fed. R. Crim. P. 51(b) ("If

a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party."); *United States v. Uscanga-Mora*, 562 F.3d 1289, 1294 (10th Cir. 2009). That exception appears to apply here. Mr. Middagh's counsel started to speak after the district court imposed sentence. Although the court may have assumed that counsel was merely repeating an argument that he had already made several times, we cannot be sure of counsel's intent. The court cut counsel short, stopping him midsentence and telling him that the "matter is done." R. Vol. 3 at 26. We therefore choose to treat the procedural-reasonableness argument as if it had been presented below.

Turning to the merits of that argument, we perceive no abuse of discretion. Mr. Middagh first argues that the district court violated Rule 32 by failing to rule on his objection that the community-service requirement was arbitrary and capricious. But this argument is based on a misconstruction of the rule. Rule 32(i)(3)(B) states: "At sentencing, the court . . . must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." The rule addresses only factual disputes. As we have repeatedly stated, "Rule 32 is not a vehicle for advancing legal challenges to sentencing, and the district court is not obligated to make Rule 32(i)(3)(B) findings where the issues the defendant raises do not involve factual inaccuracies in the report but, rather, legal objections

-9-

to the district court's determination of his sentence." *United States v. Cereceres-Zavala*, 499 F.3d 1211, 1214 (10th Cir. 2007) (brackets, ellipses, and internal quotation marks omitted). The district court thus had no obligation under the rule to respond to Mr. Middagh's contention that the community-service requirement was arbitrary and capricious, a purely legal contention.

Mr. Middagh's second procedural-unreasonableness challenge is that the district court failed to explain the rationale behind the 240-hour community-service requirement. He relies on 18 U.S.C. § 3553(c), which provides: "The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence . . . ." Here, the district court stated that it had considered the sentencing factors of § 3553(a); noted that its sentence of probation with a community-service requirement was "sufficient but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2)," R. Vol. 3 at 25; and announced that it was "approv[ing] the probation officer's recommendation of 240 hours of community service during the probationary term as approved by the probation officer." *Id.* at 24–25. It also expressed its view that "the community service hour requirement would be better than imposing a fine, particularly based on [Mr. Middagh's] lack of financial resources." *Id.* at 25.

Although the district court's explanation may not have been expansive, a court's duty is to "provide only a general statement of the reasons for its

imposition of the particular sentence." *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007) (internal quotation marks omitted). The extent of explanation necessary to satisfy § 3553(c) will depend on the circumstances. The more obvious the reasons for the sentence, the less the need to announce them. That is why we require little explanation for a within-guidelines sentence. *See id.* at 1199. And it is why the community-service condition in this case likewise required little explanation. The Probation Office, whose recommendation was adopted by the district court, merely stated the obvious when it said that the requirement would "hold[] Mr. Middagh responsible for his offense by providing a service to the community." R. Vol. 2 at 2. What would have required explanation would have been a sentence that rejected the recommendation of 240 hours of community service and imposed only 40 hours of service (as requested by defense counsel) for engaging in a 23-year practice of stealing taxpayer money. In short, Mr. Middagh's sentence was not procedurally unreasonable.

## III.   CONCLUSION

We AFFIRM Mr. Middagh's sentence.