FILED
United States Court of Appeals
Tenth Circuit

June 27, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

JACOBO GONZALEZ, (Actual name
Pedro Alzún-Gonzalez) a/k/a Carlos
Alberto Cruz, a/k/a Uriel Chavez Cruz,

        Defendant - Appellant.

No. 11-6338
(D.C. No. 5:11-CR-00158-HE-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Pedro Alzún-Gonzalez pled guilty to one count of illegal reentry of a deported,

removed, or excluded alien per 8 U.S.C. § 1326(a). The judge imposed a sentence of 24

months, substantially below the guidelines range. Unsatisfied with his success in the trial

---

[*] The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R.
34.1(G). This case is submitted for decision on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1.
It is appropriate as it relates to law of the case, issue preclusion and claim preclusion.
Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A).
Citation to an order and judgment must be accompanied by an appropriate parenthetical
notation – (unpublished). *Id.*

court, Alzún-Gonzalez has appealed for further relief from this Court; he argues the sentence is substantively unreasonable.

The presentence investigation report calculated a guidelines range of 30 to 37 months.[1]  Alzún-Gonzalez's prior conviction for violating the Controlled Substance Act increased both his base offense level by 12 points, pursuant to USSG §2L1.2(b)(1)(B), and his criminal history by two points.

Prior to sentencing, Alzún-Gonzalez filed a sentencing memorandum asking for "a fair term [of incarceration] substantially lower than 30 months." (R. Vol. I at 22.) He argued the "double-counting" of his prior conviction in scoring both his offense level and his criminal history made the guidelines sentence unduly "harsh and unfair."  (R. Vol. III at 10.)  He repeated his request at his sentencing hearing.

The judge was moved to some extent by Alzún-Gonzalez's argument and circumstances.  But, because Alzún-Gonzalez's history included two prior convictions, including one for illegal re-entry,[2] the judge concluded a "meaningful sentence" was required to address his recidivism.  (R. Vol. III at 14.)  Nonetheless, he agreed that a guidelines sentence would be longer "than is necessary to accomplish the statutory objectives of sentencing."  (R. Vol. III at 14.)  Accordingly, the judge concluded the 18

---

[1] Alzún-Gonzalez was sentenced under the 2010 edition of the United States Sentencing Commission Guidelines Manual. Our citations to the guidelines refer to the 2010 guidelines.

[2] Alzún-Gonzalez also was assessed two criminal history points under USSG §4A1.1(d) because he admitted he was on a term of community custody when he illegally re-entered the United States.

U.S.C. § 3553(a) factors warranted a below-guidelines 24-month sentence.

In his brief, Alzún-Gonzalez contends the sentence was substantively unreasonable because "[h]is criminal history category over-represents the seriousness of his actual history and the likelihood he will commit other crimes in the future." (Appellant's Br. 11.) Acknowledging the presumption that below-guidelines sentences are reasonable, *see, e.g., United States v. Perez-Jimenez*, 654 F.3d 1136, 1147 (10th Cir. 2011), he nevertheless argues the 24-month sentence was an abuse of discretion because the guidelines range of 30-37 months over-emphasizes his criminal history and that defect calls the credibility of the guidelines into question. According to him, since the judge relied on this defective range, the resulting sentence is unreasonable even though it was below the guidelines range. He is wrong.

We review the substantive reasonableness of sentences for an abuse of discretion. *United States v. Middagh*, 594 F.3d 1291, 1294 (10th Cir. 2010). The district court abuses its discretion when it imposes a sentence that is "arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Muñoz–Nava*, 524 F.3d 1137, 1146 (10th Cir. 2008) (quotation marks omitted). And, in our review, we do not second-guess the weight the sentencing court assigned to the § 3553(a) factors. *See United States v. Lewis*, 625 F.3d 1224, 1233 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 1790 (2011).

Substantive reasonableness review focuses on the sentencing judge's application of the factors in 18 U.S.C. § 3553(a). *United States v. Alapizco–Valenzuela*, 546 F.3d 1208, 1215 (10th Cir. 2008) (quotations omitted). These factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2)

"the need . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; (3) "to afford adequate deterrence to criminal conduct"; and (4) "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

Here, the rationality of Alzún-Gonzalez's sentence in light of the § 3553(a) factors is readily apparent. He has illegally returned to this country twice, and, as the judge explained, this alone required a "meaningful sentence." His latest illegal re-entry occurred after he had already been convicted of violating the Controlled Substances Act. Even though our precedent would have permitted a sentence within the guidelines range despite the double-counting argument Alzún-Gonzalez advances, *see United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1204 (10th Cir. 2007), the judge nevertheless considered the argument and, as it was his prerogative to do, lightened the sentence. Because the task of sentencing requires the district court to choose an outcome out of a "range of possible outcomes the facts and law at issue can fairly support," we do not second-guess the district court when it makes a rational choice. *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007). Given Alzún-Gonzalez's record, the sentencing decision was rational.

To the extent Alzún-Gonzalez renews his argument about the double-counting issue or challenges the wisdom or empirical basis of USSG §2L1.2, our precedents foreclose those complaints. *See United States v. Alvarez-Bernabe*, 626 F.3d 1161, 1165-66 (10th Cir. 2010); *Ruiz-Terrazas*, 477 F.3d at 1204.

AFFIRMED.

Entered by the Court:

**Terrence L. O'Brien**
United States Circuit Judge