FILED
United States Court of Appeals
Tenth Circuit

December 5, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

STEVEN MICHAEL WELLS,

    Defendant-Appellant.

No. 11-4212

(D.C. No. 1:08-CR-00008-DB-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO** and **BALDOCK**, Circuit Judges, and **SKAVDAHL**,[**] District Judge.[***]

_____

Police officers arrested Defendant Steven Michael Wells on an outstanding warrant in January 2008, and found a firearm in his possession. Thereafter, a federal grand jury indicted him for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). In November 2008, the district court placed Defendant on pretrial release, one condition of which was that Defendant not violate federal, state, local, or tribal law. Defendant pleaded guilty to the § 922(g) charge in February 2011, and was

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] The Honorable Scott W. Skavdahl, United States District Judge for the District of Wyoming, sitting by designation.

[***] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).

finally sentenced in December 2011, after nine continuances, four of which were at Defendant's request. One continuance was obtained so defense counsel could investigate a report that Defendant had a new misdemeanor charge.

When the sentencing hearing finally arrived, the U.S. Sentencing Guidelines yielded an advisory range of 51 to 63 months of imprisonment. The presentence report did not note any violations of pretrial release. At the sentencing hearing, Defendant's counsel asked the court for a sentence of probation, citing in support Defendant's successful completion of 37 months on pretrial release with "no problems, no violations." Record on Appeal, vol. II at 3. Defense counsel noted Defendant had been charged with disorderly conduct during pretrial supervision, but that the charge had been reduced to an infraction.

Unbeknownst to defense counsel, Defendant had been charged with three additional offenses *after* the disorderly conduct charge. These charges were for assault, unlawful dumping, and retail theft. These charges were not reflected in the presentence report because they were filed after that document was prepared. The prosecutor brought the three additional charges to the court's attention, but still recommended the low-end guideline sentence of 51 months.

After a brief consultation with Defendant, his counsel responded:

With respect to the charges that [the Assistant United States Attorney] refers to, I was not aware of these charges, otherwise I certainly wouldn't have represented to the Court that there had been no other charges. One is an attempted unlawful dumping. What my client said was he basically threw out some material at the dump that he was not supposed to and he paid a $100 fine. I believe that case was just resolved with the $100 fine.

That is correct. Well, probation with the court until the fine is paid.

The other charge was a retail theft charge which was dismissed shortly after being filed, it looks like about two months after being filed. The third one that [the Assistant United States Attorney] referred to is an assault charge, and I believe there are some extenuating circumstances that Mr. Wells will discuss when he allocutes and addresses the Court.

Id. at 8–9.

After Defendant's father spoke, the court asked defense counsel if he had anything further. Counsel replied, "No, Judge." Id. at 10. Defendant then addressed the court, but did not provide any further information regarding the pending assault charge. The court then sentenced Defendant to 51 months' imprisonment, saying, "I see no basis in this case for deviating from the guideline range, not given your criminal history." Id. at 14. After discussing further the appropriate sentence, the court told Defendant,

I hope, too, that you can continue in a positive direction. Also, it is not like your past three years, since this was filed, have been crime free. Most of us have not committed crimes in the past three years and you have managed to continue to do it. It is your criminal history that keeps getting in your way. You seem like a good guy. I hope that you can get through this and get back with your kids and get on with your life.

Id. at 15.

When the court raised the issue of self-surrender, defense counsel said Defendant was an ideal candidate for self-surrender. The court asked, "What about the fact that during the past three years he has violated?" Id. at 17. Counsel responded, "Actually, Judge, he has not violated any condition of pretrial release. They have not initiated a violation hearing or any other proceedings." Id. The court said, "Well, we have agreed that he has had offenses. I don't want to quibble with you." Id. Despite this line of

questioning, the court allowed Defendant to self-surrender. Defense counsel then said,

> Judge, I know that the Court has imposed its sentence, but given the fact that the Court has relied in some fashion in imposing the sentence on some of the criminal activity, or at least the allegations of criminal activity that are currently pending, which I was unaware of basically three of those cases, I would ask the Court, and I recognize that this is an unusual request, but to consider postponing the imposition of sentence to allow me to look at those and look at the facts underlying those cases in order to re-approach the Court about what the proper sentence might be.

Id. The court replied: "That request is denied. That had very little to do with my ultimate decision. It was a small factor. It affects me more on whether to allow self-surrender than it does on the sentence." Id.

Defendant appealed, raising two arguments. First, Defendant claims the district court abused its discretion by failing to give defense counsel additional time to investigate and address the other charges. Second, Defendant argues the district court violated his due process rights by relying on mere charges in imposing sentence. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I.

A sentencing court has broad discretion in scheduling sentencing hearings, and we review only for an abuse of discretion. United States v. Garcia, 78 F.3d 1457, 1467 (10th Cir. 1996). "Absent a showing both that the denial was arbitrary and that it substantially impaired the defendant's opportunity to secure a fair sentence, the reviewing court will not vacate a sentence because a continuance was denied." Id. (quoting United States v. Booth, 996 F.2d 1395, 1397 (2d Cir. 1993)) (brackets omitted). In Garcia, the district court suggested during the first day of a sentencing hearing that the parties call a witness

- 4 -

to clarify a dispute over drug quantities. Id. The Defendant waited until the end of the proceedings on the following day, right before the court imposed sentence, to request a continuance in order to call a witness. Id. We held that the district court did not abuse its discretion in denying the request, "particularly when Defendant could have raised the issue of subpoenaing the witness at an earlier point." Id.

Here, we cannot say the district court's decision was arbitrary. The court had already continued the sentencing hearing nine times, four times at Defendant's request. One of the continuances was to allow defense counsel to "investigate a report from the probation officer that [Defendant] has a new misdemeanor charge." Supp. Record on Appeal, vol. II at 3. The district court could easily have concluded that additional time for defense counsel to investigate *more* charges would not affect the outcome of the sentencing. Furthermore, Defendant's request was at a very late stage in the proceedings. He was initially content to merely explain the circumstances surrounding the charges, and only requested a continuance after the court had imposed sentence. The district court's denial of a continuance can hardly be considered arbitrary.

Nor did the denial of a continuance deprive Defendant of the opportunity to receive a fair sentence. Defendant did not dispute the existence of the charges, which the district court said were only a "small factor" in the sentence it imposed. Defendant's counsel had the opportunity to consult with his client and explain the charges. Counsel explained to the court that the one charge had been dismissed, another resulted only in a $100 fine, and that "extenuating circumstances" surrounded the third charge, circumstances which Defendant would explain during allocution. Defendant did not in

fact explain those circumstances, but he had the opportunity. Of course, Defendant also could have told his counsel about the additional charges before the sentencing hearing and made any continuance unnecessary. In short, Defendant had a full opportunity to request and receive a fair sentence, and the district court did not abuse its discretion in denying a continuance.

II.

We turn now to Defendant's second argument, based on the Due Process Clause. Defendant did not mention due process before the district court and never objected to the court's consideration of charges filed during his pretrial release. When a defendant does not raise a constitutional objection in the district court, we ordinarily review only for plain error. United States v. Traxler, 477 F.3d 1243, 1248 (10th Cir. 2007). Defendant argues, however, that plain error review does not apply because (1) he had no sufficient opportunity to object, (2) the unforeseeable error doctrine applies, and (3) any objection would have been futile. He is incorrect on all counts. First, when a party has no opportunity to raise an issue below, "we review it as if it had been presented." United States v. Middagh, 594 F.3d 1291, 1295 (10th Cir. 2010). See also Fed. R. Crim. P. 51(b). But Defendant had ample opportunity to object to the district court's consideration of the recent charges. Defendant's counsel preemptively raised the issue of Defendant's disorderly conduct infraction. And after the Government identified the additional charges, the court gave defense counsel the opportunity to respond. Counsel had opportunity for further comment after Defendant's father addressed the court. But counsel said nothing about the charges being inappropriate to consider at sentencing. So

- 6 -

Defendant had opportunity to object, but took no advantage of it.

Second, the unforeseeable error doctrine, if it is still good law in this circuit, see United States v. Martinez-Barragan, 545 F.3d 894, 899 n.1 (10th Cir. 2008), does not apply. Defendant could easily foresee that his conduct during pretrial release could become an issue at sentencing. For example, federal law requires a probation officer to "report [the supervised person's] conduct and condition to the sentencing court." 18 U.S.C. § 3603(2). Defense counsel even recognized the relevance of Defendant's conduct when he disclosed to the court the disposition of the disorderly conduct charge. So any potential error was hardly unforeseeable.

Finally, Defendant cannot satisfy the futility exception. We apply that exception when "the district court is aware of the party's position and it is plain that further objection would be futile, where the litigant's position was clearly made to the district court." United States v. Algarate-Valencia, 550 F.3d 1238, 1243 n.4 (10th Cir. 2008) (brackets omitted) (quoting Abuan v. Level 3 Commc'ns, 353 F.3d 1158, 1172 (10th Cir. 2003)). But Defendant never suggested the district court should not consider the recent charges. Instead, he merely explained to the court the disposition of those charges and noted the existence of "extenuating circumstances" in the one case still pending. He cannot point to any evidence suggesting the district court would not have carefully considered an objection based on due process. So we must apply plain error review. To meet that standard, Defendant must show (1) error, (2) that is plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Flonnory, 630 F.3d 1280, 1288 (10th Cir. 2011).

- 7 -

Defendant has made no attempt to satisfy the plain error standard, and the Government argues we should therefore "consider his claim waived and decline to consider it." Appellee's Br. at 25. The Government is correct that when a defendant "has not even tried to show how the alleged errors were 'plain,'" we need not discuss the merits of the claim. United States v. De Vaughn, 694 F.3d 1141, 1159 (10th Cir. 2012). And even if we overlook Defendant's failure to argue for plain error, we would quickly conclude that none existed. Defendant argues the district court violated his due process rights when it relied on "mere allegations of criminal conduct" in the imposition of the sentence. Appellant's Br. at 15. But two of the four charges at issue were no longer "mere allegations" by the time of sentencing, but had resulted in convictions, which the district court could properly consider when imposing sentence. These convictions were also a more than adequate basis for the court's conclusion that Defendant had not be "crime free" during his pretrial release.

Although the dismissed and pending charges may present a problem under the case law of other circuits, see, e.g., United States v. Johnson, 648 F.3d 273, 278 (5th Cir. 2011), Defendant has not shown that considering these charges was contrary to the well-settled law of our circuit. See United States v. Ruiz-Gea, 340 F.3d 1181, 1187 (10th Cir. 2003) ("In general, for an error to be contrary to well-settled law, either the Supreme Court or this court must have addressed the issue."). Nor has he shown that the district court relied on the dismissed or pending charges when it declined to vary below the guidelines range. The court noted that Defendant's "offenses" while on pretrial release were a "small factor" in the sentence it imposed. The district court could properly rely on

Defendant's two convictions, even if it could not rely on the dismissed or pending charges without evidence of the underlying conduct. See United States v. Magallanez, 408 F.3d 672, 684–85 (10th Cir. 2005) (noting that a sentencing court may consider conduct not resulting in a conviction so long as the conduct has been proved by a preponderance of the evidence). The mere possibility that the district court erroneously relied on the latter charges is not enough to constitute plain error. [1]

AFFIRMED.

Entered for the Court,

Bobby R. Baldock
United States Circuit Judge

---

[1] Defendant also cites U.S.S.G. § 4A1.3(a)(3), which says, "A prior arrest record itself shall not be considered for purposes of an upward departure . . . ." This guideline provision, however, is irrelevant for two reasons. First, it does not apply to this case because the district court did not depart upward. See United States v. Lopez-Hernandez, 687 F.3d 900, 903 (7th Cir. 2012) ("Section 4A1.3(a)(3) of the guidelines prohibits consideration of a 'prior arrest record itself' only 'for purposes of an upward departure' as distinct from imposition of a sentence within or below the applicable range."). Second, even if the guideline did apply to this case, it is insufficient by itself to establish a *due process* prohibition against considering mere arrest records.