**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 23, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES CHRISTOPHER COOKE,

    Defendant - Appellant.

No. 15-7003
(D.C. No. 6:14-CR-00027-RAW-1)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BACHARACH**, and **MORITZ**, Circuit Judges.

Defendant-Appellant James Christopher Cooke pled guilty to one count of possession of child pornography, 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2), and was sentenced to 97 months' imprisonment and 5 years' supervised release. In addition, Mr. Cooke was ordered to pay $4,627.72 in restitution. He now appeals arguing that his sentence is substantively unreasonable and the conditions of supervised release are not supported by factual findings. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Background

In March 2014, agents from the Federal Bureau of Investigation arrested Mr. Cooke after an undercover investigation conducted online revealed that he was downloading and sharing images of child pornography.  See II Aplt. App. 5. An examination of Mr. Cooke's computer revealed 3,133 images and two videos of child pornography.  Id. at 7.  Mr. Cooke pled guilty to one count of possession of child pornography before a magistrate judge.  I Aplt. App. 12–13.  According to a presentence investigation report (PSR), Mr. Cooke's offense level was 30[1] and he had no criminal history.  See II Aplt. App. 7–9.  The indicated Guidelines range was 97 to 121 months.[2]  Id. at 11.  Mr. Cooke objected, arguing that enhancements for computer use and the character and amount of images apply to most offenders who possess child pornography, simply because of the way child pornography is typically consumed.  See Gov't Supp. App. 10.  Mr. Cooke also filed a sentencing memorandum.  II Aplt. App. 90–101.  He argued that his rehabilitation, community service, and acceptance of responsibility should reduce

---

[1]  To reach offense level 30, the PSR started with base offense level 18, added two levels for possession of material involving a prepubescent minor, added two levels for distribution of child pornography, added four levels for possession of sadistic images or masochistic depictions, added two levels for use of a computer, added five levels for possession of 600 images or more, and finally, subtracted three levels for acceptance of responsibility.  See II Aplt. App. 7–9; see also U.S.S.G. §§ 2G2.2, 3E1.1.

[2]  However, Mr. Cooke's maximum sentence was actually capped at the statutory maximum of 120 months under the Guidelines.  See U.S.S.G. § 5G1.1(a).

his sentence.  Id. at 91–92.  He maintained the recommended range was unreasonable and overstated the seriousness of the offense.  See id. at 97.  He attached a report from his clinical therapist recommending leniency.  Id. at 99–101.

At Mr. Cooke's sentencing hearing, the court overruled his objection to the use of certain enhancements in the PSR to calculate the offense level, finding that his actions warranted the increases.  I Aplt. App. 62.  The court then heard argument on the request for a "departure and/or variance," id. at 63, considered numerous letters in support of Mr. Cooke, id. at 64, and heard testimony from three character witnesses and Mr. Cooke's clinical therapist, id. at 66.  The court also took note of the written statements from the victims of child pornography and the government's position on Mr. Cooke's sentence.  Id. at 104.  Finding no circumstances warranting a reduction, the district court rejected Mr. Cooke's request for a variance.[3]  See id. at 106.  The court also imposed standard and specialized conditions upon release, including the following special conditions relevant to this appeal: (1) Mr. Cooke must attend and participate in an approved mental health or sex offender treatment program, (2) Mr. Cooke cannot possess or use a computer with online access without his probation officer's prior written approval, (3) Mr. Cooke cannot possess or own camera equipment without his

---

[3]  Because no specific grounds within the Guidelines for a downward departure were urged, the court construed Mr. Cooke's motion as one for a downward variance.  See I Aplt. App. 103.

probation officer's approval, (4) Mr. Cooke cannot view, purchase, possess, or distribute any form of pornography, and (5) Mr. Cooke cannot associate with children under 18 years old except in the presence of an approved adult who is aware of his conviction. Id. at 35–36.

Mr. Cooke moved to correct his sentence under Fed. R. Civ. P. 35, but the court denied the motion for lack of jurisdiction because it was not ruled upon within the fourteen-day time limit. Id. at 124–26. This appeal follows.

## Discussion

On appeal, Mr. Cooke argues that his sentence is substantively unreasonable and that the standard and specialized conditions of his supervised release imposed by the district court are not supported by any factual findings.

### A. Substantive Reasonableness

Since the Supreme Court deemed the Sentencing Guidelines advisory in United States v. Booker, 543 U.S. 220 (2005), district courts have been free to apply any sentence that is reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors. Reasonableness has both procedural and substantive components, see United States v. Smart, 518 F.3d 800, 803 (10th Cir. 2008), but Mr. Cooke only challenges the substantive reasonableness of his 97-month sentence. A sentence may be presumed substantively reasonable when it falls within the correctly calculated range of the Guidelines, as Mr. Cooke's sentence

does here.  See Gall v. United States, 552 U.S. 38, 51 (2007).  Mr. Cooke may rebut that presumption, however, by showing that the § 3553(a) factors justified a lower sentence.  United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006).  We review a district court's determination for an abuse of discretion.  United States v. Haley, 529 F.3d 1308, 1311 (10th Cir. 2008).  This is a deferential standard of review, and Mr. Cooke must show the district court's judgment was "arbitrary, capricious, whimsical, or manifestly unreasonable."  Id. (quoting United States v. Muñoz-Nava, 524 F.3d 1137, 1146 (10th Cir. 2008)).  Mr. Cooke attempts to do so by arguing his 97-month sentence does not comply with the § 3553(a) factors for two reasons: first, the recommended Guidelines for possession of child pornography violate congressional will by making it nearly impossible to obtain a minimum sentence; and second, the unique facts of his case were not taken into account.  We disagree, finding the district court acted within its discretion.

The premise of Mr. Cooke's argument is that Congress permits those convicted of possession of child pornography to face a punishment ranging from a fine to ten years' imprisonment.  See 18 U.S.C. § 2252(b)(2) (stating wrongdoers "shall be fined under this title or imprisoned not more than 10 years, or both").  But defendants convicted of possession of child pornography, he maintains, rarely serve noncustodial sentences despite congressional intent.  See, e.g., United States v. Elmore, 743 F.3d 1068, 1076 (6th Cir. 2014) (noting a Sentencing

Commission report found that "96.6 percent of first-time child-pornography-possession convictions led to at least some prison time" (citing U.S. Sentencing Commission, Federal Child Pornography Offenses (2012)). Relying on United States v. Dorvee, 616 F.3d 174 (2d Cir. 2010), Mr. Cooke blames this skewed sentencing scheme on the Guidelines enhancements in U.S.S.G. § 2G2.2, which increased his sentence because his offense involved a computer with more than 600 images, including some images depicting prepubescent minors and some depicting sadistic or masochistic conduct. Mr. Cooke alleges these enhancements apply to the vast majority of offenders, forcing first-time offenders to serve disproportionately long sentences.

While Mr. Cooke is correct that some courts have questioned the efficacy of these enhancements, he has not shown that their application here is necessarily unreasonable. To be sure, the district court has discretion to depart from the Guidelines because of a policy disagreement. Kimbrough v. United States, 552 U.S. 85, 109 (2007); United States v. Morrison, 771 F.3d 687, 693 (10th Cir. 2014). The court has the same discretion to remain within Guidelines, notwithstanding a defendant's policy objection. Morrison, 771 F.3d at 693. Furthermore, this court has refused to categorically reject the enhancements in U.S.S.G. § 2G2.2. See United States v. Grigsby, 749 F.3d 908, 911 (10th Cir. 2014), cert. denied, 135 S. Ct. 214 (2014).

Mr. Cooke's second claim—that the court ignored the circumstances of his

case—is belied by the record.  At Mr. Cooke's sentencing, the district court allowed four witnesses to speak on his behalf, reviewed a thick stack of letters, and listened to a lengthy statement from Mr. Cooke himself.  The court stated that it had considered the circumstances of the offense as well as Mr. Cooke's characteristics and lack of criminal history.  I Aplt. App. 118.  The court recognized it was not bound by the Guidelines but said it looked to the Guidelines to ensure similarly situated defendants were not sentenced inconsistently.  Id. Finally, the court handed down a sentence at the bottom of the Guidelines range that reflected the § 3553(a) factors.  Id. at 118–19.  The district court properly exercised its discretion.

### B.  Conditions of Supervised Release

Second, Mr. Cooke argues the standard and special conditions imposed by the district court during his five-year term of supervised release should be vacated or reconsidered because they are not supported by factual findings.  Courts are given "broad discretion" to set conditions of supervised release, see United States v. Butler, 694 F.3d 1177, 1184 (10th Cir. 2012), but these conditions must be reasonably related to the offense, must not unnecessarily deprive a defendant of liberty, and must be consistent with policy statements issued by the Sentencing Commission, see 18 U.S.C. § 3583(d).

We have two standards of review for conditions of supervised release. When the defendant timely objects to the condition at sentencing, we review for

abuse of discretion. United States v. Bear, 769 F.3d 1221, 1226 (10th Cir. 2014). When the defendant does not object, however, we review only for plain error. United States v. Martinez-Torres, 795 F.3d 1233, 1236 (10th Cir. 2015).

Mr. Cooke concedes that he did not object to any conditions of release at his sentencing, therefore, plain-error review is indicated. On appeal, however, Mr. Cooke does not argue, let alone establish, that his conditions of supervised release constitute plain error—specifically that conditions imposed were "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Mike, 632 F.3d 686, 691–92 (10th Cir. 2011) (quoting United States v. Gonzalez–Huerta, 403 F.3d 727, 732 (10th Cir. 2005) (en banc)).

Without a developed argument along these lines, we will not consider plain error. See Somerlott v. Cherokee Nation Distribs., Inc., 686 F.3d 1144, 1151–52 (10th Cir. 2012). In other words, "the failure to argue for plain error and its application on appeal . . . surely marks the end of the road for an argument for reversal not first presented to the district court." Richison v. Ernest Grp., Inc., 634 F.3d 1123, 1131 (10th Cir. 2011).

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge