FILED
United States Court of Appeals
Tenth Circuit

April 15, 2014

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

PHILIP ANDRA GRIGSBY,
a/k/a philag62@yahoo.com,
a/k/a mufdvr62@yahoo.com,
a/k/a imacumgobbler@yahoo.com,

    Defendant-Appellant.

No. 13-3146

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 6:12-CR-10174-JTM)**

---

James A. Brown, Assistant United States Attorney (Barry R. Grissom, United States Attorney, with him on the brief), Topeka, Kansas, for Plaintiff-Appellee.

John K. Henderson, Jr., Assistant Federal Public Defender, Wichita, Kansas, for Defendant-Appellant.

---

Before **HARTZ**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

---

**BALDOCK**, Circuit Judge.

---

Defendant Philip Grigsby says his 260-year sentence imposed pursuant to the child pornography production guideline, U.S.S.G. § 2G2.1, is procedurally and

substantively unreasonable because the guideline is "defective." According to Defendant, the production guideline routinely generates offense levels that result in a recommended guideline sentence in excess of the statutory maximum, and fails to distinguish between levels of culpability by establishing enhancements for conduct present in most cases and thus undeserving of punishment beyond the core offense. Defendant asks us to "remand for [re]sentencing without regard to the [G]uidelines." Unfortunately for Defendant, a district court does not err by deferring to the Guidelines where the sentence imposed is justified in light of the factors set forth in 18 U.S.C. § 3553(a).[1] Exercising jurisdiction pursuant to 18 U.S.C. § 3742(a)(1), we uphold Defendant's sentence.

## I.

Defendant pled guilty to eight counts of sexual exploitation of a nine-year-old child for the purpose of producing visual depictions in violation of 18 U.S.C. § 2251(a), one count of possessing with intent to view child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Based on a total offense level of 43 and a criminal history category of II, Defendant's initial guideline imprisonment range

---

[1] Section 3553(a) sets forth various factors a district court must consider in imposing sentence on a defendant. These include, among other factors, the nature of the offense and characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the crime, provide adequate deterrence, protect the public, and provide the defendant with needed training or treatment.

under the 2012 version of the Guidelines was life. But because the statutory maximum sentence of 260 years was less than life, U.S.S.G. § 5G1.2(b) established the former term as the recommended guideline sentence. Following that recommendation, the district court sentenced Defendant to 260 years imprisonment. In deciding Defendant's sentence was sufficient but not greater than necessary to meet the sentencing factors identified in § 3553(a)(2), the court referred to the emotional damage Defendant caused his victim, the antisocial behavior Defendant had engaged in over the course of his life, and the public's need for protection from Defendant. The court discounted Defendant's difficult childhood as outweighed by the harm he had caused.[2]

## II.

We review a sentence of imprisonment for reasonableness under an abuse of discretion standard. United States v. Kieffer, 681 F.3d 1143, 1164 (10th Cir. 2012). In sentencing a defendant, first the district court "shall consider . . . the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(4)(A). Unremarkably then, the Supreme Court

---

[2] We decline to recount the heinous facts underlying Defendant's convictions. Suffice to say the calculation of Defendant's total offense level based on the facts was detailed. Defendant's offense level was enhanced because, among other things, his crimes involved (1) a family member who had not attained the age of twelve years and (2) material that portrayed sadistic or masochistic conduct or other depictions of violence. See U.S.S.G. § 2G2.1(b).

has told us "the Guidelines should be the starting point and initial benchmark" in sentencing. Gall v. United States, 552 U.S. 38, 49 (2007). The Guidelines are "the natural starting point from which the sentencing court exercises its discretion under § 3553(a)." Kieffer, 681 F.3d at 1164 (internal quotations omitted). In this Circuit, a within-guideline-range sentence that the district court properly calculated, *i.e.*, sentencing's procedural component, is entitled to a rebuttable presumption of reasonableness. See United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006). A defendant may rebut this presumption by demonstrating his sentence is unreasonable when viewed in light of the § 3553(a) factors, *i.e.*, sentencing's substantive component. Id.

### III.

On appeal, Defendant tells us the same thing he told the district court: U.S.S.G. § 2G2.1 is flawed and any reliance thereon necessarily constitutes both procedural and substantive error. Defendant says the district court should have foregone any consideration of § 2G2.1, and sentenced him based only upon its consideration of the § 3553(a)(1) & (2) factors.[3] To argue his point, Defendant principally relies on a government report, namely United States Sentencing Commission, Report to Congress: Federal Child Pornography Offenses (Dec. 2012),

---

[3] Aside from a reference to his troubled childhood, a fact the district court expressly considered at sentencing, Defendant makes little effort (probably a wise choice) to relate the underlying facts of his case to the § 3553(a) factors.

4

available at: http://www.ussc.gov/Legislative-and-Public-Affairs/Congressional-Testimony-and-Reports/Sex-Offense-Topics/201212-Federal-Child-Pornography-Offenses/ (visited April 1, 2014) (Commission Report), and the Second Circuit's decision in United States v. Dorvee, 616 F.3d 174 (2d Cir. 2010).

## A.

In Dorvee, the defendant pled guilty to one count of distribution (rather than production) of child pornography. The district court sentenced him to the statutory maximum of 240-months imprisonment. On appeal, the defendant challenged both the procedural and substantive components of his sentence. The Second Circuit first held the district court committed significant procedural error by erroneously calculating the defendant's guideline range. According to the court, this error alone warranted remand for resentencing.[4] Notwithstanding, the court further held Defendant's sentence was substantively unreasonable based upon the district court's misapplication of the § 3553(a) factors.

Lastly and most importantly for present purposes, the Second Circuit observed the district court's substantive error was "compounded" because § 2G2.2 is "fundamentally different from most" guidelines:

---

[4] Although the defendant's actual sentence was consistent with his recommended sentence under the child pornography distribution guideline, U.S.S.G. § 2G2.2, the Second Circuit provides no presumption of reasonableness to a within-guidelines-range sentence. Dorvee, 616 F.3d at 183.

5

Sentencing Guidelines are typically developed by the Sentencing Commission using an empirical approach based on data about past sentencing practices. However, the Commission did not use this empirical approach in formulating the Guidelines for child pornography. Instead, at the direction of Congress, the Sentencing Commission has amended the Guidelines under § 2G2.2 several times since their introduction in 1987, each time recommending harsher penalties.

Dorvee, 616 F.3d at 184 (internal citation omitted). As a result, the court explained that § 2G2.2's sentencing enhancements "routinely result in Guidelines projections near or exceeding the statutory maximum, even in run-of-the-mill cases." Id. at 186.

The Second Circuit opined that a district court would not abuse its discretion by concluding the distribution guideline typically yields a sentence "greater than necessary" to achieve the goals of § 3553(a), because that guideline does "'not exemplify the Commission's exercise of its characteristic institutional role.'" Id. at 188 (quoting Kimbrough v. United States, 552 U.S. 85, 109–10 (2007)). The Commission Report essentially endorsed the Second Circuit's view of § 2G2.2, urging "the Commission and Congress to revise the *non-production* sentencing scheme to better reflect the growing body of knowledge about offense and offender characteristics and to better account for offenders' varying degrees of culpability and dangerousness." Commission Report at 331 (emphasis added).

B.

Defendant's authorities undoubtedly stand for the proposition that district courts should carefully apply the child pornography distribution guideline and remain mindful that they possess broad discretion in fashioning sentences under U.S.S.G.

6

§ 2G2.2. So too do the number of reported cases where district courts have rejected application of § 2G2.2 for want of an empirical basis.[5] See United States v. Brooks, 628 F.3d 791, 780 (6th Cir. 2011) (citing cases). But neither Dorvee nor the Commission Report stand for the proposition that any application of § 2G2.2 will yield an unreasonable sentence. See Unites Stated v. Maulding, 627 F.3d 285, 287 (7th Cir. 2010).

In its December 2012 report, the Sentencing Commission observed that "[s]entencing in federal production cases has been less controversial than in non-production cases," perhaps because of the relatively fewer number of reported cases addressing § 2G2.1. Nonetheless, Defendant may be correct when he says the child pornography production guideline, § 2G2.1, suffers from the same apparent defect as the distribution guideline, § 2G2.2. See Commission Report at 247. But this does not mean a within-guideline-range sentence based on a guideline lacking an empirical basis is necessarily unreasonable, and none of our sister circuits have ever so held. We agree with the Fifth Circuit that Congress and the Commission are responsible for altering the Guidelines:

> Empirically based or not, the Guidelines remain the Guidelines. . . . The Supreme Court made clear in Kimbrough v. United States that "a district judge must include the Guidelines range in the array of factors warranting consideration," even if the Commission did not use an

_____

[5] In Kimbrough, 552 U.S. at 96, the Supreme Court noted that "[i]n the main, the Commission developed Guidelines sentences using an empirical approach based on data about past sentencing practices."

empirical approach in developing sentences for the particular offense. Accordingly, we will not reject a Guidelines provision as "unreasonable" or "irrational" simply because it is not based on empirical data . . . .

United States v. Miller, 665 F.3d 114, 121 (5th Cir. 2011) (internal footnotes omitted); accord United States v. Ngheim, 432 F. App'x 753, 757 (10th Cir. 2011) (unpublished) ("To be sure, district courts that disagree with § 2G2.2 may vary from the Guidelines. But if they do not, we will not second-guess their decisions under a more lenient standard simply because the guideline is not empirically-based." (internal ellipses and quotations omitted)).

Accordingly, we reject Defendant's categorical challenge to U.S.S.G. § 2G2.1.[6]

AFFIRMED.

---

[6] We note that during the course of his direct appeal, Defendant, despite the fact he is represented by counsel, has submitted numerous pro se filings to the court requesting various actions on our part. We have long adhered to the policy on direct appeal of only addressing issues raised by counsel, however, and we invoke that policy here. See United States v. Coleman, 9 F.3d 1480, 1487 (10th Cir. 1993). We therefore decline to address the numerous claims Defendant raises in his pro se filings, including his claim of ineffective assistance of counsel. That claim is more properly brought by way of collateral attack under 28 U.S.C. § 2255.