FILED
United States Court of Appeals
Tenth Circuit

August 25, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

STEPHEN D. HUCKEBA,

        Defendant - Appellant.

No. 14-6167
(D.C. No. 5:14-CR-00038-M-1)
W.D. Oklahoma

**ORDER AND JUDGMENT**[*]

Before **MATHESON**, **MURPHY**, and **PHILLIPS**, Circuit Judges.

After examining the briefs and appellate record, this court has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Accordingly, we
grant the parties' requests and order the case submitted without oral argument.

## I. INTRODUCTION

Stephen Huckeba pleaded guilty to one count of knowingly transporting
child pornography, in violation of 18 U.S.C. § 2252(a)(1), and one count of

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

receiving and attempting to receive child pornography, in violation of 18 U.S.C. § 2252(a)(2). The district court sentenced him to 151 months' imprisonment, a term at the bottom of the advisory range set out in the United States Sentencing Guidelines. Huckeba appeals, asserting the sentence imposed by the district court is both procedurally and substantively unreasonable. This court exercises jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and **affirms** the sentence imposed by the district court.

## II. BACKGROUND

In September 2013, an Edmond, Oklahoma Police Department detective was conducting an investigation into the sharing of child pornography over the internet. The detective discovered Huckeba had downloaded child pornography from a peer-to-peer network ("P2P").[1] By following the Internet Protocol ("IP") address[2] associated with that file-sharing account, investigators discovered Huckeba's identity. When confronted by investigators, Huckeba admitted that for the past couple of years he had possessed and viewed pornographic images of children, including images of infants being sexually abused. A search of

---

[1] For a brief explanation of how P2P networks operate, see *United States v. Cartier*, 543 F.3d 442, 444 (8th Cir. 2008).

[2] An IP address is a unique numeric address used by computers on the Internet. Every computer attached to the Internet must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. "The IP . . . address is unique to a specific computer. Only one computer would be assigned a particular IP address." *United States v. Perrine*, 518 F.3d 1196, 1199 n.2 (10th Cir. 2008).

Huckeba's computer by federal and state law enforcement officials uncovered 306 pornographic videos of children and 2,837 still images of child pornography on the computer's hard drive. Investigators determined that Huckeba targeted pornographic images of children ranging from infancy to five-years old and that he had actively sought "younger pics" online.

A federal grand jury returned an indictment charging Huckeba with one count of knowingly transporting child pornography and one count of receiving and attempting to receive child pornography. 18 U.S.C. § 2252(a)(1), (a)(2). Huckeba pleaded guilty to both counts. In advance of the sentencing hearing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). Based on an offense level of thirty-four and a criminal history category of I, the PRS calculated Huckeba's advisory guidelines range as 151 to 188 months' imprisonment. In calculating Huckeba's offense level, the PSR included a four-level upward adjustment because he possessed sadomasochistic child pornography. *See* U.S.S.G. § 2G2.2(b)(4).

Although Huckeba originally objected to the application of the adjustment set out in § 2G2.2(b)(4), he ultimately conceded the enhancement applied and withdrew his objection. He did, however, request a substantial downward variance—five years' imprisonment followed by five years' supervised release, the statutory minimum sentence available under 18 U.S.C. § 2252(b)(1). In support of his request for a variance, Huckeba argued that the four-level upward

adjustment set out in § 2G2.2(b)(4) was outdated in the era of P2P networks, as the Sentencing Commission's own statistics showed the adjustment applied in 79.4% of cases prosecuted in fiscal year 2011.  He also argued that application of the adjustment in his case would result in an unjust sentencing disparity between him and similarly situated defendants.  As an example, Huckeba cited the sentencing disparity between him and another defendant, Charles Layne, whom the district court had sentenced weeks before.  Huckeba noted that Layne received a lighter sentence simply because Layne happened not to be subject to § 2G2.2(b)(4).  Huckeba contended this disparity was unjust because Layne was more culpable in light of his prior convictions for contact sexual offenses.[3] According to Huckeba, this disparity—along with consideration of his background, prior criminal history, and offense conduct—warranted a downward variance.

The district court disagreed, concluding that Huckeba was not similarly situated to Layne because Huckeba had possessed sadomasochistic child pornography.  Agreeing with the government that such pornography constituted the "vilest of the vile child pornography," the district court determined a

_____

[3]"Contact sexual offenses" include "any illegal sexually abusive, exploitative, or predatory conduct involving actual or attempted physical contact between the offender and a victim occurring before or concomitantly with the offender's commission of a non-production child pornography offense."  U.S. Sentencing Commission, *Federal Child Pornography Offenses*, at 100 (Ch. 4) (2012).

downward variance was not warranted.  The district court sentenced Huckeba to a bottom-of-the-advisory-guidelines-term of 151 months' imprisonment on each of the two counts, to be served concurrently.

## III.  ANALYSIS

"After the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), this court reviews sentences for reasonableness."  *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009).  "Reasonableness review is a two-step process comprising a procedural and a substantive component."  *Id.* (quotation omitted).  Huckeba challenges on appeal both the procedural and substantive reasonableness of his sentence.

## A.  Procedural Reasonableness

Procedural reasonableness "relates to the manner in which the district court calculated and explained the sentence."  *United States v. A.B.*, 529 F.3d 1275, 1278 (10th Cir. 2008).  On appeal, this court must assure itself that "the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range."  *Gall v. United States*, 552 U.S. 38, 51 (2007).  When, however, a defendant fails to contemporaneously object to procedural sentencing errors, this court reviews

only for plain error. *United States v. Romero*, 491 F.3d 1173, 1177 (10th Cir. 2007). To satisfy this heavy burden, a defendant must show: (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 1178.

Huckeba asserts the district court committed two procedural errors, treating the guidelines as mandatory and failing to consider all of the sentencing factors set out in 18 U.S.C. § 3553(a). Huckeba did not object at sentencing to either procedural error he now raises on appeal. Thus, this court's review is limited to plain error. Because, however, Huckeba has failed to argue he is entitled to appellate relief under the plain-error standard, this court need not address the issue of procedural reasonableness. *United States v. Lamirand*, 669 F.3d 1091, 1098-1100 n.7 (10th Cir. 2012) ("[T]he failure to argue for plain error and its application on appeal . . . surely marks the end of the road for an argument for reversal not first presented to the district court." (quotation omitted)).[4]

---

[4]A review of the record in this case reveals the likely explanation for the absence of an objection at the sentencing hearing—the assertion on appeal that the district court treated the guidelines as mandatory and failed to consider the § 3553(a) factors is frivolous. Huckeba's counsel noted the advisory nature of the guidelines four times during the sentencing hearing. Huckeba's argument that the district court procedurally erred by treating the guidelines as mandatory is based entirely on the district court's discretionary decision not to depart downward from the advisory guidelines range. *But see United States v. Davis*, 437 F.3d 989, 997 (10th Cir. 2006) (rejecting the defendant's "belief that the district court treated the guidelines as de facto mandatory simply because it did not impose a sentence below the guideline range"). His argument that the district court failed to consider the § 3553(a) factors is equally meritless. When a district court imposes
(continued...)

## B. Substantive Reasonableness

Substantive reasonableness review "focuses on whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Friedman,* 554 F.3d at 1307 (quotation omitted). We review the substantive reasonableness of a sentence under an abuse-of-discretion standard. *United States v. Sells*, 541 F.3d 1227, 1237 (10th Cir. 2008). A sentence is substantively unreasonable only if the district court "exceeded the bounds of permissible choice, given the facts and the applicable law in the case at hand." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007) (quotation omitted). When the sentence imposed by the district court is within the properly calculated advisory guidelines range, there is a presumption of reasonableness. *United States v. Verdin-Garcia*, 516 F.3d 884, 898 (10th Cir.

---

[4](...continued)
a sentence within the advisory guidelines range, as did the district court here, it need not recite "magic words," respond to every argument for leniency that it rejects, or explicitly refer to every § 3553(a) factor. *United States v. Rodriguez-Quintanilla*, 442 F.3d 1254, 1258–59 (10th Cir. 2006) (quotation omitted). Rather, the district court need only provide a "general statement of its reasons" for imposing a within-guidelines sentence. *United States v. Lente*, 647 F.3d 1021, 1034 (10th Cir. 2011) (quotation omitted). The district court noted its application of the § 3553(a) factors, considered Huckeba's argument for a downward variance in light of those factors, and asked questions in response to that argument. *United States v. Sanchez-Leon*, 764 F.3d 1248, 1266 (10th Cir. 2014) (holding that the district court satisfied its procedural sentencing duties when it "noted factors it should consider under § 3553(a)," the parties "presented the factors to justify a variance," and "the court asked clarifying questions," even though the district court "fail[ed] to acknowledge some of [the defendant's] arguments for leniency").

2008). A defendant may rebut this presumption, but the burden is a "hefty one, because abuse-of-discretion is a deferential standard of review." *Id.*

Huckeba argues the district court abused its discretion by not varying downward because: (1) the Sentencing Commission's 2012 report to Congress recognized that offense level adjustments for child-pornography offenders apply to the majority of defendants; and (2) several § 3553(a) factors—including his personal history, the need to deter criminal activity, and the need to protect the public from future criminal conduct—warranted a lesser sentence.

Huckeba asserts the guideline adjustments for child-pornography offenses are outdated and result in unwarranted disparate sentences for similarly situated defendants. Huckeba focuses on U.S.S.G. § 2G2.2(b)(4), the adjustment for sadomasochistic pornography, arguing two similarly situated child pornography defendants may or may not suffer the four-level adjustment simply because of the operation of the P2P network software. As support for this argument, he relies on a 2012 report prepared by the Sentencing Commission for Congress. *See* U.S. Sentencing Commission, *Federal Child Pornography Offenses* (2012) [hereinafter the "2012 Report"].

Huckeba's arguments are foreclosed by this court's recent decision in *United States v. Grigsby*, 749 F.3d 908, 908-09 (10th Cir. 2014). Like Huckeba, Grigsby cited the 2012 Report as evidence that the child-pornography Guidelines should be categorically ignored as outdated and failing to account for a

-8-

defendant's individual culpability. *Id.* at 910. This court rejected Grigsby's reliance on the 2012 report, holding that district courts must consider the Sentencing Guidelines range in sentencing determinations and that only "Congress and the Commission are responsible for altering the Guidelines." *Id.* at 911. Noting that district courts must "carefully apply" the child-pornography Guidelines and "remain mindful that they possess broad discretion in fashioning sentences" under those Guidelines, *Grigsby* nevertheless reaffirmed that a district court retains discretion as to whether to vary downward based on a policy disagreement with § 2G2.2. *Id.* ("To be sure, district courts that disagree with § 2G2.2 may vary from the Guidelines. But if they do not, we will not second-guess their decisions under a more lenient standard simply because the guideline is not empirically-based." (quotation omitted)); *see also United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011) ("We further emphasize that district courts are not obligated to vary from the child pornography Guidelines on policy grounds if they do not have, in fact, a policy disagreement with them.").

Citing the "vile" nature of the type of pornography Huckeba possessed and taking into consideration the § 3553(a) factors, the district court concluded a downward variance was unwarranted. The district court expressed concern with the extensiveness of Huckeba's child-pornography collection and the disturbing, "very, very violent" nature of those images. Given these facts, the district court's

refusal to vary downward from the advisory sentencing range is unquestionably reasonable.

Raising a second disparity argument, Huckeba argues his sentence is improperly disparate from that of another particular child-pornography defendant, Charles Layne. As this court has previously noted, however, the "unwarranted disparity" provision of § 3553(a) does not require a sentencing court to compare particular defendants, but rather looks to national uniformity in sentencing of similarly situated defendants. *United States v. Ivory*, 532 F.3d 1095, 1107 (10th Cir. 2008). In any event Huckeba received a longer sentence than Layne based on Huckeba's possession of a particular type of child pornography, sadomasochistic pornography. A distinction that, as noted above, is unquestionably reasonable.

## C. The District Court Did Not Abuse its Discretion in Weighing the Remaining § 3553(a) Factors.

Finally, Huckeba argues the district court abused its discretion by failing to give adequate weight to: (1) the deterrent effect of the mandatory supervised-release terms and sex-offender registration requirements; and (2) his good personal character, as evidenced by third-party letters, continued employment, payment of taxes, and written allocution. In so arguing, Huckeba essentially asks this court to reweigh the § 3553(a) factors anew. *But see United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008) ("We may not examine the weight a district court assigns to various § 3553(a) factors, and its ultimate assessment of the

balance between them, as a legal conclusion to be reviewed de novo.").  None of the factors identified by Huckeba are sufficient to overcome the presumption of reasonableness that attaches to his within-guidelines sentence, particularly given the exceedingly vile nature of the sadomasochistic child pornography he possessed.

## IV.  CONCLUSION

For those reasons set out above, the sentence imposed by the United States District Court for the Western District of Oklahoma is hereby **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge