**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 25, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ALFREDO FRANCO, JR.,

    Defendant - Appellant.

No. 15-3269
(D.C. No. 6:14-CR-10205-EFM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

Defendant Alfredo Franco, Jr., pleaded guilty to one count of receipt and distribution of child pornography. *See* 18 U.S.C. § 2252(a)(2). The United States District Court for the District of Kansas sentenced him to 110 months in prison followed by 10 years of supervised release, and ordered him to pay restitution of $6,000 and an assessment of $100. On appeal he argues that the length of his imprisonment is substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendant's amended presentence investigation report (PSR) calculated his base offense level to be 22. *See* U.S.S.G. § 2G2.2(a)(2). It then applied five enhancements for his specific offense characteristics: 2 levels for pornography that "involved a prepubescent minor or a minor who had not attained the age of 12 years," U.S.S.G. § 2G2.2(b)(2); 2 levels for distributing child pornography to others, *see* U.S.S.G. § 2G2.2(b)(3)(F); 4 levels for pornography "that portrays sadistic or masochistic conduct or other depictions of violence," U.S.S.G. § 2G2.2(b)(4); 2 levels for "use of a computer," U.S.S.G. § 2G2.2(b)(6); and 5 levels for having "600 or more images," U.S.S.G. § 2G2.2(b)(7)(D). After subtracting 2 levels for acceptance of responsibility, *see* U.S.S.G. § 3E1.1(a), and 1 level for assisting authorities, *see* U.S.S.G. § 3E1.1(b), his total offense level was 34. Based on his criminal-history category of 1, the sentencing guidelines suggested a sentencing range of 151 to 188 months.

At Defendant's sentencing hearing the district court adopted the PSR and then addressed the pertinent factors under 18 U.S.C. § 3553(a). It described the nature of the underlying crimes against the children as "horrific" and "terrifically serious," Aplt. App., Vol. I at 23–24 (sentencing hearing transcript), and said that Defendant's accessing videos depicting child pornography helped create a market for the sexual abuse, even if he did not personally abuse the children. Regarding Defendant's history and characteristics, the court observed that he had no prior criminal history and that it had received an above-average number of letters on his behalf describing his community involvement and his role in raising his child. It also observed that he had served in the military in a theater of combat. The court stated that it typically imposed sentences of 15

to 20% below the minimum suggested by the guidelines, but that sentencing at the statutory minimum was not always appropriate. In sentencing Defendant, it varied downward from the guideline range more than usual, imposing a prison term of 110 months.

"We review sentences for substantive reasonableness under an abuse-of-discretion standard." *United States v. Middagh*, 594 F.3d 1291, 1294 (10th Cir. 2010) (internal quotation marks omitted). To be an abuse of discretion, the judgment must be "arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Munoz-Nava*, 524 F.3d 1137, 1146 (10th Cir. 2008) (internal quotation marks omitted). Where, as here, the sentence imposed was below the guidelines, there is a rebuttable presumption that the sentence is not unreasonably harsh. *See United States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir. 2011). This presumption may be rebutted only "by demonstrating that the sentence is unreasonable when viewed against the other factors delineated in § 3553(a)." *United States v. Lewis*, 594 F.3d 1270, 1277 (10th Cir. 2010) (internal quotation marks omitted).

Defendant argues that § 2G2.2, the governing guideline in this case, is flawed because it was not developed as a result of empirical study by the United States Sentencing Commission, and he claims that the guidelines recommend a lesser sentence for many other offenses that are more heinous. He observes that several district courts have imposed sentences below the recommended range, and that the Sentencing Commission itself suggested in a 2012 report to Congress that § 2G2.2 inadequately distinguishes between the culpability of offenders because many of its enhancements

3

apply to most offenders. Finally, he specifically objects to the five enhancements applied to him because they apply to the majority of offenders.[1]

Defendant's arguments fail to rebut the presumption that his below-guideline sentence is reasonable. We have previously stated that the Sentencing Commission's report does not "stand for the proposition that *any* application of § 2G2.2 will yield an unreasonable sentence." *United States v. Grigsby*, 749 F.3d 908, 911 (10th Cir. 2014). Even if Defendant is correct that frequent application of enhancements for specific offense characteristics makes them a poor measure for determining offender culpability, altering the guidelines is ultimately the responsibility of Congress and the Commission. *See id.* And the district court clearly shared these concerns about § 2G2.2 by observing that it always sentences below the minimum suggested by the guidelines (in this case by 27%).

Nor can we say that his sentence was unreasonable in light of the § 3553(a) factors. As we stated in *Lewis*, "[A] reasonable sentencing judge need not give equal weight to all factors. The heinous nature of the offense in itself can justify a harsh sentence." 594 F.3d at 1277. Here, the court described the nature of the underlying

---

[1] Defendant also argues that he did not intend to distribute child pornography to others. Although he recognizes that we have held that § 2G2.2(b)(3)(F) "does not require that a defendant know about the distribution capability of the program he is using to view child pornography," *United States v. Ray*, 704 F.3d 1307, 1311–12 (10th Cir. 2013), he argues that other circuits require proof of knowingly making child pornography available to others. But we are bound to follow our circuit's precedent. *See Rezaq v. Nalley*, 677 F.3d 1001, 1012 n.5 (10th Cir. 2012) ("[W]e are bound by prior panel decisions absent superseding en banc review or Supreme Court decisions . . . ."). We note, however, that under the pending guidelines amendments, § 2G2.2(b)(3)(F) applies only when "the defendant knowingly engaged in distribution." *Amendments to the Sentencing Guidelines* at 11 (U.S. Sentencing Comm'n Apr. 28, 2016) (effective Nov. 1, 2016).

4

offenses as "horrific" and "terrifically serious." Aplt. App., Vol. I at 23–24 (sentencing hearing transcript). And it observed that the sexual abuse of children creates "a lifetime of difficulties for them." *Id.* at 24. Because of Defendant's complicity in this abuse by helping create a market for child pornography, we cannot say that the district court abused its discretion in imposing sentence.

The judgment of the district court is AFFIRMED.

Entered for the Court


Harris L Hartz
Circuit Judge