**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 23, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PHILIP ANDRA GRIGSBY,

     Plaintiff - Appellant,

v.

CHIEF JUDGE J. THOMAS MARTEN;
JASON W. HART, ANNETTE B.
GURNEY, Assistant United States
Attorneys, District of Kansas; BARRY R.
GRISSOM, United States Attorney,
District of Kansas,

     Defendants - Appellees.

No. 16-3163

(D.C. No. 5:15-CV-03282-SAC-DJW)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, GORSUCH** and **McHUGH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,
submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Philip Grigsby is a federal inmate currently serving a lengthy term of imprisonment imposed in connection with multiple child exploitation and related convictions. Grigsby, appearing *pro se*, filed a civil rights complaint pursuant to 28 U.S.C. § 1331 against the federal judge that presided over his criminal trial and the United States Attorney and Assistant United States Attorneys who prosecuted him. Grigsby's complaint alleged that the defendants violated his constitutional rights during the course of his federal criminal proceedings, and, as relief, asked that his conviction and sentence be vacated and that he be granted a new trial. The district court, after engaging in a preliminary screening of Grigsby's complaint pursuant to 28 U.S.C. § 1915A(a), dismissed the claims without prejudice. Grigsby now appeals. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I

In 2012, Grigsby was indicted by a federal grand jury on eight counts of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a), one count of possessing with intent to view child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and one count of being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Grigsby entered a plea of guilty to all ten counts. The district court sentenced Grigsby to a total term of imprisonment of 260 years. This court affirmed Grigsby's sentence on direct appeal. United States v. Grigsby, 749 F.3d 908, 909 (10th Cir. 2014).

On December 29, 2015, Grigsby filed a *pro se* civil rights complaint pursuant to 28

U.S.C. § 1331 naming as defendants the federal district court judge who presided over his criminal trial, and three members of the prosecution team. The complaint alleged various procedural and/or constitutional violations that allegedly occurred during the course of his federal criminal proceedings. In his prayer for relief, Grigsby sought the vacation of his convictions and sentence, a new criminal trial, the appointment of counsel to represent him, and transfer of the remanded criminal proceedings to a federal district court in Arizona.

The district court conducted a preliminary screening of Grigsby's complaint pursuant to 28 U.S.C. § 1915A(a) and concluded that the complaint was subject to dismissal pursuant to 28 U.S.C. §§ 1915A(b)(1) and (2). In particular, the district court concluded that "it lack[ed] jurisdiction to consider [Grigsby']s claims, which" it deemed to be "challenges to his federal convictions," and noted that "[t]he sole remedy for challenging a criminal conviction or sentence after direct appeal . . . is the filing of a habeas corpus petition."[1] ROA, Vol. 1 at 32-33. The district court therefore dismissed the complaint without prejudice and entered judgment in the case.

Grigsby now appeals the district court's order of dismissal.

II

Section 1915A of Title 28 requires a district court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental

---

[1] The district court also invoked the doctrines of judicial and prosecutorial immunity.

entity or officer or employee of a governmental entity," 28 U.S.C. § 1915A(a), and to

"dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous,

malicious, . . . fails to state a claim upon which relief may be granted," or "seeks

monetary relief from a defendant who is immune from such relief," id. § 1915A(b)(1) and

(2). We review de novo a district court's dismissal of a prisoner's complaint under §§

1915A(b)(1) and (2). See Young v. Davis, 554 F.3d 1254, 1256 (10th Cir. 2009).

After carefully examining the record on appeal, we conclude that the district court

properly dismissed Grigsby's complaint. It has long been established that an inmate

cannot use a federal civil rights action to challenge the fact or duration of his

confinement. See Wilkinson v. Dotson, 544 U.S. 74, 78 (2005); Preiser v. Rodriguez,

411 U.S. 475, 489 (1973). And that is precisely what Grigsby's complaint attempted to

do. As noted, his complaint alleged various procedural and/or constitutional violations

that allegedly occurred during the course of his federal criminal proceedings and sought

the vacation of his convictions and sentence and the grant of a new criminal trial. The

only available vehicle for Grigsby to assert those claims, however, is through a motion

filed pursuant to 28 U.S.C. § 2255.

4

III

The judgment of the district court is AFFIRMED. The motion to proceed *in forma pauperis* is DENIED.  Mr. Grigsby is obligated to pay the filing fee in full.

Entered for the Court


Mary Beck Briscoe
Circuit Judge