FILED
United States Court of Appeals
Tenth Circuit

May 3, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LUIS ALFONSO ARAGON GALLEGOS,

    Defendant - Appellant.

No. 16-1269
(D.C. No. 1:15-CR-00152-RBJ-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.
_____

Luis Gallegos appeals his 60-year sentence for pleading guilty to 22 counts of

production of child pornography and one count of possession of child pornography.

Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

**I**

Pursuant to a plea agreement, Gallegos admitted to producing approximately

110 videos and/or images depicting himself engaged in sexual acts with a minor

while she was between the ages of three and seven years old.  He also admitted to

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

possessing over 200,000 images and over 16,000 videos of child pornography that he did not produce, which depicted other minors. Most of these minors were prepubescent children, including infants.

The plea agreement estimated that Gallegos had an offense level of 53 and a criminal history category of I, yielding an advisory sentence of life imprisonment under the Sentencing Guidelines. He sought a variant sentence of 25 years' imprisonment, to which the government objected. A presentence report concluded that the applicable total offense level was 53 but reduced it to 43, the maximum offense level recognized under the Guidelines. It then recommended a total sentence on all counts of 70 years. The district court sentenced Gallegos to consecutive 25-year terms of imprisonment on counts 1 and 22; concurrent 25-year terms on counts 2 through 21; and a consecutive 10-year term on count 23, for a total term of 60 years. Gallegos timely appealed.

## II

Gallegos argues that his sentence is substantively unreasonable. We review the reasonableness of a sentence for an abuse of discretion. United States v. Grigsby, 749 F.3d 908, 909 (10th Cir. 2014). "The court acted within its discretion unless the sentence was arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Franklin, 785 F.3d 1365, 1370 (10th Cir. 2015) (quotations omitted). Further, we apply a rebuttable presumption of reasonableness to a sentence falling within, or below, the applicable Guidelines range. United States v. Balbin-Mesa,

643 F.3d 783, 788 (10th Cir. 2011).[1] "In reviewing a sentence for substantive reasonableness, we recognize that the job of sentencing criminal defendants is difficult. The court must individualize sentences without creating unwarranted sentencing disparities. And the court must consider the seriousness of crimes while recognizing the uniqueness of the individuals committing crimes." United States v. Walker, 844 F.3d 1253, 1255 (10th Cir. 2017). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Gall v. United States, 552 U.S. 38, 51 (2007).

Gallegos does not dispute that the district court considered all of the required 18 U.S.C. § 3553(a) factors, but he argues the court improperly weighed them by over-emphasizing certain factors, while giving too little consideration to others. Specifically, he highlights his lack of criminal record and asserts that, as a "true first offender," he is among the least likely defendants to reoffend, pointing to a psychiatrist's evaluation to bolster that conclusion. Gallegos complains that the district court gave only passing reference to these mitigating factors, and that it weighed too heavily the need for deterrence and protection of the community.

We do not see an abuse of discretion. The district court considered the advisory Guidelines sentence of life imprisonment, which the government sought, as well as Gallegos' request for a variant sentence of 25 years. It rejected both

---

[1] Gallegos' Guidelines range was life imprisonment. He does not dispute that his sentence is below-Guidelines and consequently subject to this presumption of reasonableness.

recommendations. Although the court acknowledged that 25 years' imprisonment is a very significant sentence, it noted that such a sentence would be less than the 30-year maximum sentence for <u>one</u> count of production of child pornography. Because this case involved <u>22</u> such counts, the court determined a greater sentence was necessary. The court also discounted the significance of supervised release, recognizing that Gallegos will likely be deported upon his release from prison. It further observed that life sentences are typically reserved for premeditated first-degree murder. It distinguished Gallegos' 60-year sentence from a life sentence on the basis that Gallegos (who was in his late 20s at the time of sentencing) would have some hope of release, albeit at an advanced age.

In imposing this sentence, the court addressed deterrence and community safety. It acknowledged that lack of media coverage regarding the sentence may limit its deterrent effect on other offenders. But the court noted that Gallegos would not be a danger to the community while incarcerated and, due to his advanced age upon his release, would be unlikely to prey upon children again. By that time, the court observed, Gallegos' victim will be a mature adult and fully able to protect herself. The district court also emphasized that punishment was a significant factor in this case, a point which Gallegos fails to acknowledge on appeal. According to the court, this was by far the most serious case involving production of child pornography, and among the worst cases involving sexual assault on a young child, that it had encountered in the entirety of its sentencing history.

As Gallegos acknowledges, the district court did consider mitigating factors as well. It discussed Gallegos' acceptance of responsibility and his expression of remorse. It accepted as true his claim that he had been a victim of sexual abuse as a child.[2] The district court also noted Gallegos' lack of a criminal record, as reflected in his criminal history category of I. Gallegos argues that the court should have given this fact additional weight in its § 3553(a) analysis. But, although this circuit permits a court to weigh a defendant's lack of criminal record even if it is already reflected in the criminal history category, United States v. Huckins, 529 F.3d 1312, 1319 (10th Cir. 2008), the court is not required to do so.[3]

Finally, the district court also discussed the psychiatrist's report on which Gallegos heavily relies. The psychiatrist recommended a community-based sentence coupled with extensive sex-offender treatment, based on her belief that Gallegos has a low risk of recidivism and that he may become a bigger threat to community safety

---

[2] Although the district court accepted that this fact was offered to mitigate Gallegos' culpability, it noted that being a victim of abuse is not an excuse for further perpetrating such harm on others. The court observed that, if anything, Gallegos' own experience suggested the lasting harm he had inflicted on his primary victim.

[3] The facts of this case are notably different from Huckins, in which the district court imposed a below-Guidelines sentence after finding that the defendant's history and characteristics counterbalanced the nature and seriousness of his offense. 529 F.3d at 1319. Unlike this case, Huckins involved only one count of possession of child pornography and no production of child pornography. Id. at 1315. Further, the sentencing court emphasized that the offense was committed over a short period of time and was not repeated, and it found Huckins to be less culpable than other similarly situated defendants. Id. at 1316. By contrast, Gallegos pled guilty to almost two dozen counts of production and possession of child pornography, he engaged in this criminal behavior repeatedly over the course of several years, and the sentencing court deemed it one of the worst cases it had ever seen.

after serving a lengthy prison sentence. Although the court did not dispute the latter point, it observed that the psychiatrist's perspective was entirely different from the court's. It rejected the sentencing proposal as contrary to the legal sentencing requirements and common sense.

Gallegos has not shown that his sentence was arbitrary, capricious, whimsical, or manifestly unreasonable. Accordingly, the district court acted within its discretion in imposing a 60-year sentence.

## III

**AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

6