FILED
United States Court of Appeals
Tenth Circuit

January 7, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARCOS GUARDADO-PANUCO,

    Defendant - Appellant.

No. 18-1210
(D.C. No. 1:17-CR-00442-MSK-GPG-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **HARTZ**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

Marcos Guardado-Panuco pleaded guilty to one count of illegal reentry, in

violation of 8 U.S.C. § 1326(a). He appeals his 24-month prison sentence.

Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

Guardado-Panuco is a native and citizen of Mexico who has been removed

from the United States on several occasions. He was previously convicted of illegal

reentry in 2010 and was removed in 2011 after a term of imprisonment. He returned

---

* After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

to the United States, spent additional time in prison (after revocation of a term of supervised release imposed in his first illegal reentry conviction), and was removed again in 2012. He returned to the United States once again in 2016, after learning that his family was experiencing financial difficulties in this country. He was apprehended and pleaded guilty to a second charge of illegal reentry.

Guardado-Panuco's advisory guidelines sentencing range was 18 to 24 months' imprisonment. After denying his request for a downward variant sentence of 12 months and one day in prison, the district court sentenced him at the top of the guidelines range to 24 months' imprisonment. He argues that his sentence is substantively unreasonable.

We review the reasonableness of a sentence for an abuse of discretion. *United States v. Grigsby*, 749 F.3d 908, 909 (10th Cir. 2014). "In reviewing a sentence for substantive reasonableness, we recognize that the job of sentencing criminal defendants is difficult. The court must individualize sentences without creating unwarranted sentencing disparities. And the court must consider the seriousness of crimes while recognizing the uniqueness of the individuals committing crimes." *United States v. Walker*, 844 F.3d 1253, 1255 (10th Cir. 2017). The fact that this court might reasonably conclude that a different sentence was appropriate isn't sufficient to justify reversal. *Gall v. United States*, 552 U.S. 38, 51 (2007). Rather, we will find that the district court acted within its discretion "unless the sentence was arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Franklin*, 785 F.3d 1365, 1370 (10th Cir. 2015) (internal quotation marks omitted).

Moreover, we apply a rebuttable presumption of reasonableness to a sentence falling within the applicable advisory guidelines range. *Id*.

Guardado-Panuco doesn't argue that the district court failed to address the factors it must consider when imposing a sentence. *See* 18 U.S.C. § 3553(a). Rather, he contends that the court over-emphasized his criminal history, while giving too little weight to his personal mitigating circumstances, including his reason for illegally reentering the United States: to support his family financially. But by arguing that more weight should have been given to his personal circumstances, Guardado-Panuco asks this court to substitute its judgment for that of the sentencing court. This we cannot do. *See Gall*, 552 U.S. at 51-52. Moreover, we see no abuse of discretion in the sentence imposed. The district court considered all of the required factors, but ultimately placed more weight on Guardado-Panuco's criminal history, in particular his pattern of repeated illegal reentries. The court held that a longer sentence would provide the appropriate level of deterrence.

Because the district court acted within its discretion in imposing a 24-month sentence, the judgment is affirmed.

Entered for the Court


Nancy L. Moritz
Circuit Judge