FILED
**United States Court of Appeals**
**Tenth Circuit**

**September 24, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOAQUIN HERNANDEZ,

    Defendant - Appellant.

No. 18-2166
(D.C. No. 5:18-CR-01677-JBM-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **CARSON**, **BALDOCK**, and **MURPHY**, Circuit Judges.[**]
_____

Defendant Joaquin Hernandez pleaded guilty to possessing methamphetamine with the intent to distribute it in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. The district court thereafter sentenced him to 151 months' imprisonment and five years' supervised release. Defendant now challenges that sentence on appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

Defendant's counsel, however, believes that any appeal relating to Defendant's sentence is destined to fail, and he therefore moves to withdraw as counsel under Anders v. California, 386 U.S. 738 (1967).

> The Supreme Court's decision in Anders . . . authorizes counsel to request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous. Under Anders, counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The Court must then conduct a full examination of the record to determine whether [the] defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005) (citations omitted) (citing Anders, 386 U.S. at 744).

Neither Defendant nor the government has responded to counsel's Anders brief. Nonetheless, we have carefully examined both the record and the "potential appealable issues" that Defendant's counsel dutifully raises. And after doing so, we agree with Defendant's counsel that "there are no non-frivolous issues upon which [Defendant] has a basis for appeal." Id.

For one thing, the district court committed no procedural error when fashioning Defendant's 151-month sentence. The district court, for instance, properly calculated Defendant's sentencing range to be 151–188 months' imprisonment under the United States Sentencing Guidelines. See United States v. Sanchez-Leon, 764 F.3d 1248, 1261 (10th Cir. 2014) ("Procedural error includes 'failing to calculate (or improperly calculating) the Guidelines range . . . .'" (quoting

2

Gall v. United States, 552 U.S. 38, 51 (2007))). The sentencing transcript also gives us no reason to believe that the district court viewed that range as mandatory. See id. ("Procedural error includes . . . 'treating the Guidelines as mandatory . . . .'" (quoting Gall, 552 U.S. at 51)). Further, the district court expressly considered the 18 U.S.C. § 3553(a) sentencing factors and refrained from relying on any clearly erroneous facts when it sentenced Defendant to the low-end of that Guidelines range. See id. ("Procedural error includes . . . 'failing to consider the § 3553(a) factors [and] selecting a sentence based on clearly erroneous facts . . . .'" (quoting Gall, 552 U.S. at 51)). And finally, the district court considered and rejected Defendant's arguments for a downward variance from that within-Guidelines sentence, the most notable of which were based on (1) Defendant's disagreement on policy grounds with the applicable Guideline from which his sentencing range stemmed, and (2) his history and characteristics under § 3553(a)(1). See id. ("Procedural error includes . . . 'failing to adequately explain the chosen sentence . . . .'" (quoting Gall, 552 U.S. at 51)); id. at 1262 (observing that a district court adequately explains the chosen sentence only when it "consider[s] the parties' arguments" (quoting Rita v. United States, 551 U.S. 338, 356 (2007))).

Defendant's sentence is also substantively reasonable. A "within-Guidelines sentence is entitled to a presumption of substantive reasonableness on appeal." United States v. Craig, 808 F.3d 1249, 1261 (10th Cir. 2015) (quoting United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1215 (10th Cir. 2008)). And that "presumption of reasonableness holds true *even if* the Guideline at issue arguably

3

contains serious flaws or otherwise lacks an empirical basis." United States v. Wireman, 849 F.3d 956, 964 (10th Cir. 2017) (emphasis in original) (internal quotation marks and alteration omitted). Thus, Defendant's belief that his base offense level was too high based on his policy disagreement with the Guidelines is insufficient standing alone to render his 151-month sentence substantively unreasonable. Even if that policy-based argument is "quite forceful," United States v. Regan, 627 F.3d 1348, 1354 (10th Cir. 2010), Defendant can rebut the presumption of reasonableness on appeal only "by demonstrating [that] his sentence is unreasonable when viewed in light of the § 3553(a) factors." United States v. Grigsby, 749 F.3d 908, 910 (10th Cir. 2014). But none of the § 3553(a) factors are so forceful as to rebut that presumption. Indeed, while we recognize that Defendant had a tumultuous past fueled by drug addiction, "a large percentage of individuals who commit . . . crimes can point to *some* mitigating factor—drug addiction, childhood abuse, a life of poverty, etc.—that partially fuels their decision to commit those crimes." United States v. DeRusse, 859 F.3d 1232, 1242 (10th Cir. 2017) (Baldock, J., dissenting) (emphasis in original). The sentencing transcript confirms that the district court recognized as much and did not vary downward for that very reason. We discern no abuse of discretion in that rationale. See id. at 1236 (majority opinion) (observing that we review a sentence for substantive reasonableness "under a deferential abuse-of-discretion standard").

Defendant's counsel was unable to think of any other potential appealable issues besides the procedural and substantive reasonableness of Defendant's

4

sentence. We are likewise unable to discern any issues after our own searching review of the record. We therefore agree with Defendant's counsel that Defendant's appeal is wholly frivolous, grant counsel's motion to withdraw under Anders, and dismiss this appeal.

Entered for the Court


Joel M. Carson III
Circuit Judge