FILED
United States Court of Appeals
Tenth Circuit

October 31, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

INOCENTE FABIAN-PENALOZA,

    Defendant - Appellant.

Nos. 18-2177 & 18-2183
(D.C. Nos. 1:18-CR-02662-TM-1 &
2:18-CR-02736-TM-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **MURPHY**, and **CARSON**, Circuit Judges.[**]
_____

Defendant Inocente Fabian-Penaloza pleaded guilty to illegal re-entry in violation of 8 U.S.C. § 1326(a). The illegal re-entry guilty plea also served as the factual basis for the revocation of his supervised release in another case. The district court sentenced Defendant to forty-five months' imprisonment for illegal re-entry and fourteen months' imprisonment in the revocation matter, to be served consecutively. Defendant now challenges these sentences on appeal.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

Defendant's counsel, however, believes that any appeal relating to Defendant's sentences is destined to fail, and she therefore moves to withdraw as counsel under Anders v. California, 386 U.S. 738 (1967).

> The Supreme Court's decision in Anders . . . authorizes counsel to request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous. Under Anders, counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The Court must then conduct a full examination of the record to determine whether [the] defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005) (citations omitted) (citing Anders, 386 U.S. at 744).

Neither Defendant nor the government has responded to counsel's Anders brief. Nonetheless, we have carefully examined both the record and the "potential appealable issues" that Defendant's counsel dutifully raises. Id. And after doing so, we agree with Defendant's counsel that "there are no non-frivolous issues upon which [Defendant] has a basis for appeal." Id.

As to the illegal re-entry sentence, the district court committed no procedural error when fashioning Defendant's forty-five-month sentence. Under a stipulated plea, the district court properly calculated Defendant's sentencing range to be 46–57 months' imprisonment under the United States Sentencing Guidelines

2

("Guidelines").[1]  Without a two level reduction contemplated by the stipulated plea, the parties agree that the district court properly calculated the applicable Guidelines range to be 57–71 months' imprisonment.  See United States v. Sanchez-Leon, 764 F.3d 1248, 1261 (10th Cir. 2014) ("Procedural error includes 'failing to calculate (or improperly calculating) the Guidelines range . . . .'" (quoting Gall v. United States, 552 U.S. 38, 51 (2007))).  The sentencing transcript expressly demonstrates that the district court did not view that range as mandatory.  See id. ("Procedural error includes . . . 'treating the Guidelines as mandatory . . . .'" (quoting Gall, 552 U.S. at 51)).  At Defendant's request, the district court rejected the stipulated plea and assured Defendant that he would be better off apart from the plea agreement.  Consistent with that assurance, the district court varied downward from the Guidelines range and sentenced Defendant to forty-five months' imprisonment; twelve months less than the applicable Guidelines range and one month less than the range contemplated by the stipulated plea.

Further, the district court expressly considered the 18 U.S.C. § 3553(a) sentencing factors and refrained from relying on any clearly erroneous facts when it sentenced Defendant to a sentence below the low-end of the Guidelines range.  See id. ("Procedural error includes . . . 'failing to consider the § 3553(a) factors [and] selecting a sentence based on clearly erroneous facts . . . .'" (quoting Gall, 552 U.S. at 51)).  And finally, the district court considered and rejected Defendant's arguments

---

[1] This calculation included a three level reduction for acceptance of responsibility and an additional two level reduction pursuant to the plea agreement.

3

for a greater downward variance from that below-Guidelines sentence, the most notable of which was based on Defendant's disagreement on policy grounds with the applicable Guideline from which his sentencing range stemmed. See id. ("Procedural error includes . . . 'failing to adequately explain the chosen sentence . . . .'" (quoting Gall, 552 U.S. at 51)); id. at 1262 (observing that a district court adequately explains the chosen sentence only when it "consider[s] the parties' arguments" (quoting Rita v. United States, 551 U.S. 338, 356 (2007))).

Defendant's sentence is also substantively reasonable. A sentence below or within the applicable Guidelines range is entitled to a "rebuttable presumption of [substantive] reasonableness" on appeal. United States v. Balbin-Mesa, 643 F.3d 783, 788 (10th Cir. 2011). And that "presumption of reasonableness holds true *even if* the Guideline at issue arguably contains serious flaws or otherwise lacks an empirical basis." United States v. Wireman, 849 F.3d 956, 964 (10th Cir. 2017) (emphasis in original) (internal quotation marks, citation, and alteration omitted). Thus, Defendant's belief that his sentence is too long based on his policy disagreement with the Guidelines is insufficient standing alone to render his 45-month sentence substantively unreasonable. Even if that policy-based argument is "quite forceful," United States v. Regan, 627 F.3d 1348, 1354 (10th Cir. 2010), Defendant can rebut the presumption of reasonableness on appeal only "by demonstrating [that] his sentence is unreasonable when viewed in light of the § 3553(a) factors." United States v. Grigsby, 749 F.3d 908, 910 (10th Cir. 2014). But none of the § 3553(a) factors are so forceful as to rebut that presumption.

4

Indeed, we recognize the district court spoke on each § 3553(a) factors and noted Defendant's history of illegal re-entry, prior charges of harboring aliens, past violations of his supervised release, and frequently recurring nature of his misconduct in describing the basis for the sentence. See 18 U.S.C. § 3553. The sentencing transcript confirms that the district court also recognized Defendant's policy argument and its own assurance regarding the rejected stipulated plea in granting a downward variance from the Guidelines. We discern no abuse of discretion in that rationale. See United States v. DeRusse, 859 F.3d 1232, 1236 (10th Cir. 2017) (observing that we review a sentence for substantive reasonableness "under a deferential abuse-of-discretion standard" (citation omitted)).

As to the revocation matter, the district court committed no procedural error when fashioning Defendant's fourteen-month sentence. First, the district court properly calculated Defendant's applicable Guidelines range to be 8–14 months' imprisonment. See Sanchez-Leon, 764 F.3d at 1261. The sentencing transcript again confirms that the district court did not view that range as mandatory. See id. Finally, the district court incorporated by reference the entirety of the original sentencing proceeding for the revocation matter and specifically acknowledged the § 3553(a) factors.

Defendant's revocation sentence is also substantively reasonable. The district court imposed a presumptively reasonable, within-Guidelines sentence of fourteen months' imprisonment, to be served consecutively with the illegal re-entry sentence. See Balbin-Mesa, 643 F.3d at 788. Consistent with the above reasoning, none of the

5

§ 3553 (a) factors are so forceful as to rebut that presumption of reasonableness herein.  Further, it is well-established that "sentencing a defendant to consecutive sentences following the revocation of supervised release is not unreasonable." United States v. Rodriguez-Quintanilla, 442 F.3d 1254, 1257 (10th Cir. 2006). Accordingly, we discern no abuse of discretion in the district court's rationale as to the reasonableness of the revocation sentence.  See United States v. Ruby, 706 F.3d 1221, 1225 (10th Cir. 2013) (observing that we review a challenge to a revocation sentence for abuse of discretion).

Defendant's counsel was unable to think of any other potential appealable issues besides the procedural and substantive reasonableness of Defendant's sentences.  We are likewise unable to discern any issues after our own searching review of the record.  We therefore agree with Defendant's counsel that Defendant's appeal is wholly frivolous, grant counsel's motion to withdraw under Anders, and dismiss this appeal.

Entered for the Court

Joel M. Carson III
Circuit Judge